**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____  District of ___Delaware_____
                                                          (State)

Case number *(If known):* _____  Chapter ___11___

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                          04/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Garden Fresh Promotions, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 27-3961376 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 1522 Bernardo Center Drive, Suite A | |
| Number          Street | Number          Street |
| | |
| San Diego, CA 92127 | |
| City                         State          ZIP Code | City                         State          ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| San Diego | |
| County | Number          Street |
| | |
| | City                         State          ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | http://www.gardenfreshcorp.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | Garden Fresh Promotions, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

Activities Related to Real Estate

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7225

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 on a consolidated basis (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
MM / DD / YYY

District _____  When _____  Case number _____
MM / DD / YYY

Debtor    Garden Fresh Promotions, LLC                                    Case number *(if known)*  _____
           Name

---

**10.  Are any bankruptcy cases**  ☐ No
      **pending or being filed by a**  ☒ Yes.   Debtor    See attached                    Relationship    See attached
      **business partner or an**
      **affiliate of the debtor?**             District   See attached                    When    _____
                                                                                                   MM / DD / YYY
      List all cases. If more than 1,
      attach a separate list.                  Case number, if known    _____

---

**11.  Why is the case filed in *this***    *Check all that apply:*
      **district?**
                                     ☐  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days
                                        immediately preceding the date of this petition or for a longer part of such 180 days than in any other
                                        district.
                                     ☒  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this
                                        district.

---

**12.  Does the debtor own or have**    ☒  No
      **possession of any real**        ☐  Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if
      **property or personal**              needed.
      **property that needs**
      **immediate attention?**             **Why does the property need immediate attention?**  *(Check all that apply.)*

                                        ☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or
                                           safety.
                                           What is the hazard?    _____

                                        ☐  It needs to be physically secured or protected from the weather.

                                        ☐  It includes perishable goods or assets that could quickly deteriorate or lose value without
                                           attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related
                                           assets or other options).

                                        ☐  Other    _____

                                        **Where is the property?**    _____
                                                                       Number     Street

                                                                       _____

                                                                       _____   _____   _____
                                                                       City                               State        ZIP Code

                                        **Is the property insured?**
                                        ☐  No.
                                        ☐  Yes.  Insurance agency    _____

                                           Contact name    _____

                                           Phone    _____

---

Debtor   Garden Fresh Promotions, LLC                                    Case number (if known) _____
         Name

---

| | **Statistical and administrative information** |

**13.** **Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14.** **Estimated number of creditors**

| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15.** **Estimated assets**

| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16.** **Estimated liabilities**

| ☐ $0-$50,000 | ☒ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| | **Request for Relief, Declaration, and Signatures** |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.** **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  10/01/2016
             MM / DD / YYYY

X _[signature]_                                         Michael Dorsey
  Signature of authorized representative of debtor      Printed name

Title   Treasurer and Assistant Secretary

---

| Debtor | Garden Fresh Promotions, LLC | | Case number *(if known)* | |
|--------|------------------------------|---|---------------------------|---|
| | Name | | | |

**18.** **Signature of attorney**          x   */s/ Michael R. Nestor*                                              Date   10/3/2016
                                                Signature of attorney for debtor                                          MM / DD / YYYY

                                                Michael R. Nestor
                                                Printed Name

                                                Young Conaway Stargatt & Taylor, LLP
                                                Firm name

                                                1000 North King Street
                                                Number        Street

                                                Wilmington                                    DE              19801
                                                City                                          State           Zip Code

                                                (302) 571 - 6600                              mnestor@ycst.com
                                                Contact phone                                 Email address

                                                3526                                          DE
                                                Bar number                                    State

**ATTACHMENT 1 TO VOLUNTARY PETITION**

<u>Pending Bankruptcy Cases Filed by Affiliated Entities</u>

On the date hereof, each of the related entities listed below, including the debtor in this chapter 11 case (collectively, the "<u>Debtors</u>"), will file or have filed a petition in this Court for relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532.  Contemporaneously with the filing of their voluntary petitions, the Debtors are filing a motion requesting that the Court consolidate their chapter 11 cases for administrative purposes only.

**The Debtors are the following entities (along with their federal tax identification numbers):**

1.  Garden Fresh Restaurant Intermediate Holding, LLC (46-1127513)

2.  Garden Fresh Holdings, Inc. (20-0818804)

3.  GF Holdings, Inc. (20-0818783)

4.  Garden Fresh Restaurant Corp. (33-0028786)

5.  Garden Fresh Promotions, LLC (27-3961376)

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| GARDEN FRESH RESTAURANT INTERMEDIATE HOLDING, LLC, *et al.*,[1] | Case No. 16-_____ (___) |
| Debtors. | (Joint Administration Requested) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY INTEREST HOLDERS PURSUANT
## TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Garden Fresh Restaurant Intermediate Holding, LLC, a Delaware corporation, and its subsidiaries, who are each debtors and debtors in possession in the above-captioned cases (each a "**Debtor**"), hereby state as follows:

1.     The following entities directly or indirectly own 10% or more of any class of the equity interests of Garden Fresh Restaurant Intermediate Holding, LLC:

| Equity Holder | Nature of Interest Held | Percent Ownership |
|---|---|---|
| Sun Garden Fresh, LLC | Class A Units | 62.33% |
| Sun Garden Fresh Finance, LLC | Class A Units | 37.67% |
| Garden Fresh Restaurant Holding, LLC | Class B Units | 100% |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Garden Fresh Restaurant Intermediate Holding, LLC (7513); Garden Fresh Holdings, Inc. (8804); GF Holdings, Inc. (8783); Garden Fresh Restaurant Corp. (8786); and Garden Fresh Promotions, LLC (1376). The location of the Debtors' corporate headquarters is 15822 Bernardo Center Drive, Suite A, San Diego, California 92127.

2.      The subsidiary listed below is 100% owned by Garden Fresh Restaurant Intermediate Holding, LLC:

- Garden Fresh Holdings, Inc.

3.      The subsidiary listed below is 100% owned by Garden Fresh Holdings, Inc.:

- GF Holdings, Inc.

4.      The subsidiary listed below is 100% owned by GF Holdings, Inc.:

- Garden Fresh Restaurant Corp.

5.      The subsidiary listed below is 100% owned by Garden Fresh Restaurant Corp.:

- Garden Fresh Promotions, LLC

Fill in this information to Identify the case:

Debtor Name:   Garden Fresh Restaurant Intermediate Holding, LLC

United States Bankruptcy Court for the:     District of Delaware

Case Number (If known):

☐ Check if this is an
amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | PRODUCE ALLIANCE, LLC 60 W MARKET ST # 140 SALINAS, CA  93901 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 831-455-7800 ROB@RUBYROBINSON.COM | TRADE | | $684,868.83 | | |
| 2 | TRAVELERS INSURANCE ONE TOWER SQUARE HARTFORD, CT  06183 | CONTACT: CHIEF FINANCIAL OFFICER FAX: 877-784-5329 | TRADE | | $491,234.00 | | |
| 3 | RADIOWAVE MARKETING AND PROMOTIONS LLC PROMOTIONS LLC 3740 MOORE STREET LOS ANGELES, CA  90066 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 310-621-5454 INFO@RADIOWAVEMARKETING.COM | TRADE | | $472,094.00 | | |
| 4 | TRINITY FRESH 8200 BERRY AVE SUITE 140 SACRAMENTO, CA  95828 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 916-714-7368 FAX: 916-714-7763 INFO@TRINITYFRESH.COM | TRADE | | $392,342.25 | | |
| 5 | ECOLAB INCORPORTED 370 WABASHA STREET NORTH ST PAUL, MN  55102 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 800-352-5326 FAX: 651-225-3098 INSTITUTIONALORDERS@ECOLAB.COM | TRADE | | $391,551.18 | | |
| 6 | RYDER TRUCK RENTAL INC. 11690 NW 105TH STREET MIAMI, FL  33178 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 305-500-3726 CUSTOMER_SERVICE-US@RYDER.COM | TRADE | | $370,161.12 | | |

**Debtor:** Garden Fresh Restaurant Intermediate Holding, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7  GOLDEN WEST TRADING<br>4401 S DOWNEY RD<br>VERNON, CA  90058 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 888-807-3663<br>FAX: 323.585.8483<br>INFO@GWFG.COM | TRADE | | $316,377.00 | | |
| 8  SUPERIOR PAPER & PLASTICS, INC<br>1930 E. 65TH STREET<br>LOS ANGELES, CA  90001-2111 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 323-581 5555<br>FAX: 323-581 7777 | TRADE | | $259,976.37 | | |
| 9  ALTA DENA DAIRY<br>17851 E. RAILROAD<br>CITY OF INDUSTRY, CA  91748 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 800-535-1369<br>MEDIA@DEANFOODS.COM | TRADE | | $237,229.63 | | |
| 10  KENT PRECISION FOODS GROUP INC<br>11457 OLDE CABIN RD #100<br>ST LOUIS, MO  63141 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 314-567-1400<br>FAX: 314-567-5402 | TRADE | | $200,237.48 | | |
| 11  ATALANTA CORPORATION.<br>1 ATALANTA PLAZA<br>ELIZABETH, NJ  07206 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 908-351-8000<br>FAX: 908-555-8000 | TRADE | | $196,362.60 | | |
| 12  GROUP KIRKMAN, LLC<br>P.O. BOX 231400<br>ENCINITAS, CA  92023-1400 | CONTACT: TERRY JOHNSON<br>PHONE: 858-456-0107<br>FAX: 858-550-0449<br>EMAILINGTERRY@GMAIL.COM | LANDLORD | | $190,471.51 | | |
| 13  COCA COLA U.S.A.<br>1334 S CENTRAL AVE<br>LOS ANGELES, CA  90021 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 213-744-8316<br>ROMACIAS@NA.COKECCE.COM | TRADE | | $185,070.49 | | |
| 14  RAMCO REFRIGERATION & AIR  INC<br>3921 E. MIRALOMA AVE.<br>ANAHEIM, CA  92806-6201 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 714-792-1034<br>FAX: 714-792-1046 | TRADE | | $177,305.98 | | |
| 15  A ZEREGA'S SONS, INC.<br>200 NW VICTORIA DR<br>LEE'S SUMMIT, MO  64086 | CONTACT: CHIEF FINANCIAL OFFICER<br>PHONE: 201-797-1400<br>FAX: 201-797-0148 | TRADE | | $162,174.00 | | |

**Debtor:** Garden Fresh Restaurant Intermediate Holding, LLC     Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 16  CYPRESS CREEK ASSOCIATES LP CYPRESS CREEK ASSOCIATES LP P.O. BOX 5020 NEW HYDE PARK, NY  11042 | CONTACT: KIMCO REALTY PHONE: 516-869-2677 RSCHOLEM@KIMCOREALTY.COM | LANDLORD | | $156,289.76 | | |
| 17  ARTHUR SCHUMAN WEST 6180 ALCOA AVE VERNON, CA  90058 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 323-583-1251 | TRADE | | $154,995.80 | | |
| 18  ORACLE AMERICA, INC. 500 ORACLE PARKWAY REDWOOD, CA  94065 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 212.508.7935 FAX: 650-506-7114 DEBORAH.HELLINGER@ORACLE.COM | TRADE | | $145,927.15 | | |
| 19  ARAMARK UNIFORM SERVICES 22808 NETWORK PLACE CHICAGO, IL  60673-1228 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 951-231-6266 PAM.JACKSON@UNIFORM.ARAMARK.COM | TRADE | | $143,650.20 | | |
| 20  ARC PROPERTIES OPERATING PARTNERSHIP LP 2325 EAST CAMELBACK ROAD, SUITE 1100 PHOENIX, AZ  85016 | CONTACT: C/O AMERICAN REALTY CAPITAL PROPERTIES, INC PHONE: 602-778-6220 FAX: 480-449-7023 TJONES@ARCPREIT.COM | LANDLORD | | $140,982.46 | | |
| 21  WEINGARTEN REALTY INVESTORS P.O. BOX 301074 DALLAS, TX  75303-1074 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 713-868-6590 CCLOTHIER@WEINGARTEN.COM | LANDLORD | | $139,705.97 | | |
| 22  TWC SERVICES, INC. 2601 BELL AVENUE DES MONINES, IA  50321-1189 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 855-698-9224 FAX: 800-519-2587 | TRADE | | $135,019.87 | | |
| 23  ANDREW'S REFRIGERATION, INC 5617 E HILLERY DR SCOTTSDALE, AZ  85254-2449 | CONTACT: JON PHILLIPS PHONE: 602.992.9560 JON@ANDREWSAZ.COM | TRADE | | $132,670.27 | | |
| 24  SCA TISSUE NORTH AMERICA LLC BOX 200, SE-100 23 STOCKHOLM  SWEDEN | CONTACT: JAN CARLSON PHONE: 46-8-788-52-59 JAN.CARLSON@SCA.COM | TRADE | | $129,944.72 | | |

Debtor: Garden Fresh Restaurant Intermediate Holding, LLC

Case Number (if known):

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 25 GALLERIA CORPORATE CENTRE MAIENTENANCE DISTRICT HEDMARK 79 ROYAL SAINT GEORGE'S WAY RANCHO MIRAGE, CA 92270 | CONTACT: ATTN: DAVID MARS PHONE: 970-274-6902 DMARS@HEDMARK.US | LANDLORD | | $129,809.33 | | |
| 26 RC'S MECHANICAL SERVICES 4161 INGOT STREET FREMONT, CA 94538 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 510-438-8806 FAX: 877-727-8480 | TRADE | | $120,554.79 | | |
| 27 SILVERSTATE REFRIGERATION & HVAC, LLC HVAC, LLC 4535 COPPER SAGE ST LAS VEGAS, NV 89115 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 702.433.5008 FAX: 702-433.0811 BPETERSON@SSRFG.COM | TRADE | | $115,954.81 | | |
| 28 JAMES WALSH 15822 BERNARDO CENTER DRIVE SUITE A SAN DIEGO, CA 92127-2320 | CONTACT: JAMES WALSH | FORMER EMPLOYEE | | $115,085.47 | | |
| 29 BRE IMAGINATION OFFICE HOLDCO LLC BLDG ID#18670 P.O. BOX 209259 AUSTIN, TX 78720-9259 | CONTACT: BRE CA OFFICE OWNER LLC PHONE: 855-367-0345 | LANDLORD | | $111,623.20 | | |
| 30 NATIONAL FROZEN FOODS CORP. 1600 FAIRVIEW AVE. E., SUITE 200 SEATTLE, WA 98102 | CONTACT: CHIEF FINANCIAL OFFICER PHONE: 206-322-8900 FAX: 206-322-4458 | TRADE | | $111,608.89 | | |

Debtor   Garden Fresh Promotions, LLC
         Name
                                                    Case number (if known) _____

| Debtor Name  Garden Fresh Promotions, LLC |
| United States Bankruptcy Court for the: _____ District of Delaware |
| Case Number (if known) _____ |

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☒ Other document that requires a declaration: Consolidated Corporate Ownership Statement & List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   10/01/2016
              MM / DD / YYYY

x _____                    Michael Dorsey
   Signature of authorized representative of debtor    Printed name

Title   Treasurer and Assistant Secretary

**GARDEN FRESH PROMOTIONS, LLC**

<u>**OFFICER'S CERTIFICATE**</u>

**OCTOBER   3  , 2016**

I, Michael Dorsey, hereby certify that I am the duly elected, qualified and acting Treasurer and Assistant Secretary of Garden Fresh Promotions, LLC, a California limited liability company (the "<u>Company</u>"), and am authorized to execute this Officer's Certificate (the "<u>Certificate</u>") on behalf of the Company.  This Certificate is delivered in connection with that certain Senior Secured Super-Priority Debtor-In-Possession Credit Agreement dated as of the date hereof (the "<u>Agreement</u>"), by and among Garden Fresh Holdings, Inc., a Delaware corporation (the "<u>Parent</u>"), Garden Fresh Restaurant Corp., a Delaware corporation, as borrower and debtor-in-possession in the Chapter 11 Cases (the "<u>Borrower</u>"), each other subsidiary of the Parent listed as a "<u>Guarantor</u>" on the signature pages thereto (together with the Parent, each a "<u>Guarantor</u>" and collectively, the "<u>Guarantors</u>" and, together with the Borrower, the "<u>Loan Parties</u>"), the lenders from time to time party thereto (each a "<u>DIP Lender</u>" and collectively, the "<u>DIP Lenders</u>"), Cortland Capital Market Services LLC, a Delaware limited liability company, as collateral agent for the DIP Lenders (in such capacity, together with its successors and assigns in such capacity, the "<u>Collateral Agent</u>") and as administrative agent for the DIP Lenders (in such capacity, together with its successors and assigns in such capacity, the "<u>Administrative Agent</u>" and together with the Collateral Agent, each a "<u>DIP Agent</u>" and collectively, the "<u>DIP Agents</u>").  Unless the context requires otherwise, all capitalized terms used but not defined in this Certificate shall have the meanings set forth in the Agreement.

Solely in my official capacity as Treasurer and Assistant Secretary of the Company and not individually, I certify as of the date hereof that:

(a)     Attached hereto as <u>Exhibit A</u> is a true and complete copy of the Articles of Organization of the Company, and all amendments thereto, certified by the Secretary of State of the State of California, as of a recent date not more than 45 days prior to the Closing Date, which sets forth the complete name of the Company and the organizational number of the Company, if an organizational number is issued in such jurisdiction.  No amendment of such Articles of Organization has been made since the date of such certification.

(b)     Attached hereto as <u>Exhibit B</u> is a true and complete copy of the duly adopted Operating Agreement of the Company, together with all amendments thereto as in full force and effect through the date hereof.

(c)     Attached hereto as <u>Exhibit C</u> is a true and complete copy of the resolutions duly adopted by the Board of Managers of the Company (the "<u>Resolutions</u>") approving and authorizing (i) the borrowings under the Agreement, the other DIP Loan Documents and the transactions contemplated thereby, and (ii) the execution, delivery and performance of the DIP Loan Documents to which it is a party on the date hereof or will be a party, and the execution and delivery of the other documents to be delivered by such Person in connection with the DIP Loan

Documents, and the transactions contemplated thereby. Such Resolutions have not been amended, rescinded or modified since their adoption and remain in full force and effect as of the date hereof and are the only resolutions that have been adopted by the Board of Managers of the Company with respect to the subject matter thereof.

(d)     The persons whose names, titles and signatures appear on <u>Exhibit D</u> attached hereto are, on and as of the date hereof, duly elected, qualified and acting officers of the Company occupying the offices set forth opposite their respective names on <u>Exhibit D</u>, and the signatures set forth opposite their respective names are their true signatures, and each of such officers is duly authorized to execute and deliver on behalf of the Company each of the other DIP Loan Documents to which it is a party and any other agreement, instrument or document to be delivered by the Company pursuant to the DIP Loan Documents to which it is a party and any Notices of Borrowing and all other notices under the Agreement and any other DIP Loan Document to which it is a party.

(e)     The representations and warranties set forth in Article VI of the Agreement and in each other DIP Loan Document, certificate or other writing delivered to any DIP Agent or DIP Lender pursuant hereto or thereto on or prior to the Closing Date are true and correct in all material respects (except that such materiality qualifier shall not be applicable to any representations and warranties that already are qualified or modified as to "materiality" or "Material Adverse Effect" in the text thereof, which representations and warranties shall be true and correct in all respects subject to such qualification) on and as of the Closing Date as though made on and as of such date (it being understood and agreed that any representation or warranty which by its terms is made as of a specified date shall be required to be true and correct in all material respects only as of such specified date (except that such materiality qualifier shall not be applicable to any representations or warranties that already are qualified or modified as to "materiality" or "Material Adverse Effect" in the text thereof, which representations and warranties shall be true and correct in all respects subject to such qualification)).

(f)     No Default or Event of Default has occurred and is continuing on the Closing Date or would result from the Agreement or the other DIP Loan Documents becoming effective in accordance with its or their respective terms, or the making of the Initial DIP Loans (or other extensions of credit) under the Agreement.

(g)     Each Material Contract in existence on the Petition Date remains in full force and effect. Unless otherwise disclosed, none of the Material Contracts have been amended or otherwise modified. None of the Loan Parties have breached or defaulted in any material respects with respect to their obligations under such agreements.

*  *  *  *  *

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Company as of the date hereof.

GARDEN FRESH PROMOTIONS, LLC

By: _____
Name: Michael Dorsey
Title:   Treasurer and Assistant Secretary

The undersigned, being a duly appointed and qualified Manager of the Company, hereby certifies that Michael Dorsey is the duly elected and qualified Treasurer and Assistant Secretary of the Company and that the foregoing signature appearing above his name is his genuine signature.

IN WITNESS WHEREOF, I have hereunto set my hand on behalf of the Company as of the date hereof.

GARDEN FRESH PROMOTIONS, LLC

By: _____
Name: R. Gregory Keller
Title:   Manager

<u>EXHIBIT A</u>

Articles of Organization

*Attached.*



| LLC-1 | File # | 2 0 1 0 3 0 3 1 0 0 1 1 |

**State of California**
**Secretary of State**

**Limited Liability Company**
**Articles of Organization**



**FILED**
In the Office of the Secretary of State
of the State of California

OCT 29 2010

A $70.00 filing fee must accompany this form.

Important – Read instructions before completing this form.

This Space For Filing Use Only

**Entity Name** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1. NAME OF LIMITED LIABILITY COMPANY

Garden Fresh Promotions, LLC

**Purpose** (The following statement is required by statute and should not be altered.)

2. THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

**Initial Agent for Service of Process** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to California Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3. NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

C T Corporation System

4. IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA    CITY    STATE    ZIP CODE

CA

**Management** (Check only one)

5. THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

☐ ONE MANAGER

☑ MORE THAN ONE MANAGER

☐ ALL LIMITED LIABILITY COMPANY MEMBER(S)

**Additional Information**

6. ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

**Execution**

7. I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

October 29, 2010
DATE

SIGNATURE OF ORGANIZER

John D. Morberg, CFO of Garden Fresh Restaurant Corp.,
Organizer
TYPE OR PRINT NAME OF ORGANIZER

LLC-1 (REV 04/2010)

APPROVED BY SECRETARY OF STATE

I hereby certify that the foregoing
transcript of _____ page(s)
is a full, true and correct copy of the
original record in the custody of the
California Secretary of State's office.

SEP 1 6 2013 

Date: _____

*Debra Bowen*

DEBRA BOWEN, Secretary of State

EXHIBIT B

Operating Agreement

*Attached.*

**Garden Fresh Promotions, LLC**

A California Limited Liability Company

OPERATING AGREEMENT

Dated as of November 11, 2010

THE MEMBERSHIP INTERESTS REPRESENTED BY THIS OPERATING AGREEMENT HAVE NOT BEEN REGISTERED UNDER THE UNITED STATES SECURITIES ACT OF 1933, AS AMENDED, OR UNDER ANY OTHER APPLICABLE SECURITIES LAWS.  SUCH INTERESTS MAY NOT BE SOLD, ASSIGNED, PLEDGED OR OTHERWISE DISPOSED OF AT ANY TIME WITHOUT EFFECTIVE REGISTRATION UNDER SUCH ACT AND LAWS OR EXEMPTION THEREFROM, AND COMPLIANCE WITH THE OTHER RESTRICTIONS ON TRANSFERABILITY SET FORTH HEREIN.

OPERATING AGREEMENT
OF
GARDEN FRESH PROMOTIONS, LLC
A CALIFORNIA LIMITED LIABILITY COMPANY


This OPERATING AGREEMENT (this "Agreement") of Garden Fresh Promotions, LLC, a California limited liability company (the "Company"), is entered into by Garden Fresh Restaurant Corp., a Delaware corporation, as the sole member (the "Member") as of November 11, 2010.

The Member hereby acknowledges the formation of the Company as a limited liability company pursuant to and in accordance with the Beverly-Killea Limited Liability Company Act, codified in the California Corporations Code, Section 17000 et seq., as the same may be amended from time to time (the "Act"), as of October 29, 2010, and hereby agrees as follows:

1.  Name. The name of the Company is "Garden Fresh Promotions, LLC" or such other name as may be determined from time to time by the Member. The Articles of Organization of the Company (the "Articles") were filed in the office of the Secretary of State of the State of California on October 29, 2010.

2.  Purpose. The nature of the business or purposes to be conducted or promoted by the Company are (i) to issue and provide gift cards and similar items (collectively, "Gift Cards") that are redeemable for merchandise, and certain services relating to such Gift Cards, and (ii) to engage in any lawful act or activity for which limited liability companies may be organized under the Act or the laws of any jurisdiction in which the Company may do business. The Company may engage in any and all activities necessary, desirable or incidental to the accomplishment of the foregoing. Notwithstanding anything herein to the contrary, nothing set forth herein shall be construed as authorizing the Company to possess any purpose or power, or to do any act or thing, forbidden by law to a limited liability company organized pursuant to the Act or the laws of any jurisdiction in which the Company may do business.

3.  Principal Office; Registered Agent and Office. The Company shall continuously maintain an office and registered agent in the State of California as required by the Act. The principal office of the Company shall be at 15822 Bernardo Center Drive, Suite A, San Diego, California 92127. The Company also may have such offices, anywhere within and without the State of California, as the Member from time to time may determine or the business of the Company may require. The registered agent shall be as stated in the Articles or as otherwise determined by the Member.

4.  Member; Units. The name and address of, and the number of Units held by, the Member are set forth on Schedule A hereto, as the same may be amended from time to time. For purposes of this Agreement, "Units" shall mean interests in the Company representing the holder's fractional interest in the income, gains, losses, deductions and expenses of the Company.

2

5. <u>Certification of Units</u>. Certificates evidencing the Units (together with any certificates reflecting re-allocations of such Units, the "<u>LLC Interest Certificates</u>") shall be issued by the Company and new certificates shall be issued in place of any certificate theretofore issued by the Company alleged to have been lost or destroyed. Upon surrender to the Company of a certificate representing Units duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer, a new certificate shall be issued to the person entitled thereto, and the old certificate shall be cancelled and the transaction shall be recorded upon the books of the Company.

6. <u>Board of Managers</u>.

   (i)   *Establishment*. There is hereby established a committee (the "<u>Board of Managers</u>" or the "<u>Board</u>") comprised of natural persons (the "<u>Managers</u>") having the authority and duties set forth in this Agreement and the Act. For all business that is put to the vote of the Board, each Manager of the Company shall be entitled to one (1) vote. Any decisions to be made by the Board shall require the approval of a majority of the Board.

   (ii)  *Powers*. The business and affairs of the Company shall be managed by or under the direction of the Board. All actions outside of the ordinary course of business of the Company to be taken by or on behalf of the Company shall require the approval of the Board. Managers shall have the duties, powers and rights of Managers under California law applicable to directors of corporations organized under the California General Corporation Law.

   (iii) *Limitations on Authority*. The authority of the Board over the conduct of the business affairs of the Company shall be subject only to such limitations as are expressly stated in this Agreement or in the Act.

   (iv)  *Number of Managers and Term of Office*. The authorized number of Managers shall, as of the date hereof, be three (3) Managers and hereafter the authorized number of Managers may be increased or decreased by the Board. The Managers shall be elected by the Member and shall hold office until their respective successors are elected or until their earlier death, resignation or removal. The Managers of the Company are set forth in on <u>Schedule B</u> attached hereto; and each such person shall hold office as a Manager until his or her respective successor is elected or until his or her earlier death, resignation or removal.

   (v)   *Removal*. The Member may remove, with or without cause, any Manager.

   (vi)  *Resignation*. A member of the Board may resign at any time by giving written notice to that effect to the Company. Any such resignation shall take effect at the time of the receipt of that notice or any later effective time specified in that notice; and, unless otherwise specified in that notice, the acceptance of the resignation shall not be necessary to make it effective. Any vacancy caused by any such resignation or by the removal or death of any Manager or any vacancy for any other reason may be filled by the Member, and any Manager so elected to

fill any such vacancy shall hold office until his successor is elected or until his earlier death, resignation or removal.

(vii)   *Meetings of the Board.*  The Board shall meet at such time and at such place (either within or without the State of California) as the Board may designate. Meetings of the Board shall be held on at least two (2) business days' prior notice to the Managers, or upon such shorter notice as may be approved by all of the Managers.  Such notice must be in writing and may be communicated via electronic mail or facsimile. Any Manager may waive such notice as to himself. A record shall be maintained by the Secretary of the Company of each meeting of the Board.

(viii)  *Conduct of Meetings.*  Any meeting of the Managers may be held, and any Manager may attend and vote and be present at a meeting, in person (including by written and signed proxy given to another Manager) or telephonically.

(ix)    *Quorum.*  The presence (in person, telephonically, by proxy or by operation of this Section 6(ix)) of a majority of the Board shall constitute a quorum of the Board for purposes of conducting business.  At all times when the Board is conducting business at a meeting of the Board, a quorum of the Board must be present at such meeting.  If a quorum shall not be present at any meeting of the Board, then Managers having a majority of the votes of the Managers present at the meeting may adjourn the meeting from time to time, without notice other than announcement at the meeting, until a quorum shall be present.

(x)     *Attendance and Waiver of Notice.*  Attendance by a Manager at any meeting (in person, telephonically or by proxy) shall constitute a waiver of notice of such meeting, except where a Manager attends a meeting for the express purpose of objecting to the transaction of any business on the ground that the meeting is not lawfully called or convened.  Neither the business to be transacted at, nor the purpose of, any regular or special meeting of the Board need be specified in the notice or waiver of notice of such meeting.

(xi)    *Actions Without a Meeting.*  Notwithstanding any provision contained in this Agreement, any action of the Board may be taken by written consent without a meeting.  Any such action taken by the Board without a meeting shall be effective only if the written consent or consents are in writing, set forth the action so taken, and are signed by a majority of the Board.

(xii)   *Compensation of the Managers.*  Managers, as such, shall not receive any stated salary for their services, but shall receive such reasonable compensation for their services as may be from time to time agreed upon by a majority of the Board.  In addition, Managers may be reimbursed by the Company for expenses incurred to attend regular or special meetings of the Board.  Nothing contained in this Agreement shall be construed to preclude any Manager from serving the Company or any of its subsidiaries in any other capacity and receiving reasonable compensation for such service.

7. <u>Officers</u>.  The officers of the Company (the "<u>Officers</u>"), if any, shall be appointed by the Board in their sole discretion, and the Board may assign such officers titles including, but not limited to, "chief executive officer," "president," "vice president," "treasurer," "secretary," "assistant secretary" and "chief financial officer."  Any officers so appointed will have such authority and perform such duties as the Board may, from time to time, delegate to them.  The initial Officers are set forth on <u>Schedule C</u> attached hereto.  No Officer need be a Member and any number of offices may be held by a single person.  The salaries and other compensation, if any, of the Officers shall be fixed from time to time by the Board.  Any Officer may resign, in writing, as such at any time and such resignation will be effective at the time specified in the written resignation, or if no time is specified, at the time the written resignation is received by the Company.  Any Officer may be removed as such, either with or without cause, at any time by the Board.

8. <u>Indemnification</u>.  The Company shall, to the fullest extent authorized by the Act, indemnify and hold harmless any Member, Manager or Officer of the Company from and against any and all claims and demands arising by reason of the fact that such Person is, or was, a Member, Manager or Officer of the Company.  Such indemnification shall include all reasonable expenses and fees incurred, including, without limitation, reasonable legal fees and other professional fees and expenses.

9. <u>Dissolution</u>.  The Company shall dissolve, and its affairs shall be wound up upon the first to occur of the following:  (a) the written consent of the Member, (b) the entry of a decree of judicial dissolution under Section 17351 of the Act, or (c) at any time there are no members of the Company, unless the Company is continued in accordance with the Act.

10. <u>Capital Contributions</u>.  The Member shall contribute to capital to the Company in such amounts and at such times as the Member may deem appropriate in its sole discretion.  The Member is not required to make any additional capital contribution to the Company.

11. <u>Allocation of Profits and Losses</u>.  The Company's profits and losses shall be allocated to the Member.

12. <u>Distributions</u>.  Distributions shall be made to the Member at the times and in the aggregate amounts determined by the Member.

13. <u>Assignments</u>.  The Member may assign in whole or in part its limited liability company interest.

14. <u>Resignation</u>.  The Member may not resign from the Company unless a substitute member is simultaneously admitted as a member of the Company.

15. <u>Admission of Additional Members</u>.  One (1) or more additional members of the Company may be admitted to the Company with the consent of the Member, and this Agreement shall be amended at such time to reflect such admission.

16. <u>Liability of Member</u>.  The Member shall not have any liability for the obligations or liabilities of the Company except to the extent provided in the Act.

5

17. Governing Law.  This Agreement shall be governed by, and construed under, the laws of the State of California, all rights and remedies being governed by said laws.

18. Amendments.  This Agreement may be amended only by a written instrument executed by the Member.

19. Pledge of Units.  Notwithstanding any other provision in this Agreement or otherwise to the contrary, the Member consents to and agrees that (i) the Units may be pledged to secure a loan or other financial accommodation to the Company or its affiliates, (ii) a pledgee of the Units, or its successors or assigns, may, in connection with the valid exercise of such pledgee's or such successor's or assign's rights, sell, transfer or otherwise dispose of all or part of the Units (including a sale, transfer or disposition in connection with any foreclosure) without any further consent of the Member and without having to comply with any restrictions of the sale, transfer of other disposition of the Units set forth in this Agreement or otherwise and (iii) a pledgee of the Units, or its successors or assigns, in connection with the valid exercise of such pledgee's or such successor's or assign's rights, or any purchaser of the Units that acquired the Units in connection with the valid exercise of such rights (including in connection with any foreclosure), may acquire the Units and become a Member or be substituted for a Member under this Agreement without the consent of any Member and without having to comply with any of the restrictions on the sale, transfer or other disposition of the membership interests set forth in this Agreement or otherwise.  So long as the Units are pledged, this Section 19 shall inure to the benefit of such pledgee and its successors and assigns, as intended third-party beneficiaries, and no amendment, modification or waiver of, or consent with respect to this Section 19 shall in any event be effective without the prior written consent of such pledgee or its successors and assigns.

20. Opt-in to Article 8 of the Uniform Commercial Code.  The Company hereby irrevocably elects that the Units shall be a security governed by Article 8 of the Uniform Commercial Code as in effect in the State of California and each other applicable jurisdiction.  The Company shall issue a certificate to the Member evidencing the Units, and such certificate shall bear the following legend:  "This certificate evidences an interest in Garden Fresh Promotions, LLC and shall be a security governed by Article 8 of the Uniform Commercial Code as in effect in the State of California and, to the extent permitted by applicable law, each other applicable jurisdiction."  This provision shall not be amended or otherwise modified, and any purported amendment to or modification of this provision shall be null and void, without the prior written consent of such pledgee or its successors and assigns.

21. Entire Agreement.  This Agreement embodies the entire agreement and understanding of the Member hereto with respect to the subject matter hereof and supersedes all prior agreements and understandings relating to such matter.

*        *        *        *        *

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, has duly executed this Operating Agreement as of the date first written above.

GARDEN FRESH RESTAURANT CORP.

By: _____

Name:  John D. Morberg

Title:  General Counsel, Chief Financial Officer, Treasurer and Secretary

## Schedule A

| Name and Address | Number of Units |
|---|---|
| Garden Fresh Restaurant Corp. | 100 |

Garden Fresh Restaurant Corp.
dba Souplantation and Sweet Tomatoes
15822 Bernardo Center Drive, Suite A
San Diego, CA 92127
Attention: John D. Morberg, General Counsel
Facsimile: 858-675-1043

## Schedule B
**Managers**
**(as of November 11, 2010)**

Kenneth J. Keane
R. Gregory Keller
John D. Morberg

**Amended and Restated**
**<u>Schedule B</u>**
**Managers**
**(as of October 8, 2012)**

R. Gregory Keller
John D. Morberg

**<u>Schedule C</u>**
**Officers**
**(as of November 11, 2010)**

Mike Hammel – President
Joan Scharff – Vice President
Michael Dorsey – Treasurer
Gary Humbracht – Secretary
Kathleen Salerno – Assistant Secretary

**<u>Amended and Restated</u>**
**<u>Schedule C</u>**
**Officers**
**(as of October 8, 2012)**

Joan Scharff – Vice President
Michael Dorsey – Treasurer
Gary Humbracht – Secretary
Kathleen Salerno – Assistant Secretary

*Schedule C to Operating Agreement of Garden Fresh Promotions, LLC*

<u>Exhibit A</u>

**<u>Amended and Restated</u>**
**<u>Schedule C</u>**
**Officers**
**(as of January 4, 2013)**

Tammy Bailey - President
Michael Dorsey – Treasurer
Gary Humbracht – Secretary
Kathleen Salerno – Assistant Secretary

## EXHIBIT C

Resolutions

*Attached.*

**RESOLUTIONS**

**ADOPTED**

**BY THE**

**BOARD OF MANAGERS**

**OF**

**GARDEN FRESH PROMOTIONS, LLC**

**At the Meeting of the Board of Managers**

**on October 1, 2016**

**Bankruptcy Resolutions**

**WHEREAS**, it has been proposed that each of Garden Fresh Promotions, LLC (the "Company"), along with its ultimate parent Garden Fresh Restaurant Intermediate Holding, LLC (the "Parent"), and certain of its affiliates, seek relief under the provisions of title 11 of the United States Code (the "Bankruptcy Code") by filing a voluntary petition (the "Petition") for relief under Chapter 11 of the Bankruptcy Code;

**WHEREAS**, it has also been proposed that the Company, the Parent and certain affiliates of the Parent (the "Loan Parties") negotiate and, subsequent to the filing of the Petition, enter into that certain Senior Secured Super-Priority Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"), by and among the Loan Parties, the DIP Lenders and the DIP Agent (each as defined therein), whereby, among other things, the DIP Lenders agree to make certain loans and advances and to provide other financial and credit accommodations to the Company and the other Loan Parties, following the filing of the voluntary petitions under the Bankruptcy Code by each of the Company and the other Loan Parties, and in all respects subject to applicable bankruptcy court orders;

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of Managers of the Company (the "Board"), it is desirable and in the best interest of the Company, its creditors, its equity holders and other interested parties, that the Company be, and it hereby is, authorized, empowered, and directed to file or cause to be filed in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), at such time as it is deemed necessary by the appropriate officers of the Company, the Petition and all other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 cases of the Company; and

**FURTHER RESOLVED**, that the Chief Executive Officer and the Chief Financial Officer of the Company (each, an "Authorized Officer", and collectively, the "Authorized Officers") be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed (i) to execute and verify the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all  other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 cases of the Company and to cause the Petition and any other documents, papers and pleadings necessary or appropriate to effectuate the Petition and any and all other documents, papers and pleadings necessary or appropriate in connection with the Chapter 11 cases of the Company to be filed with the Bankruptcy Court and (ii) to perform any and all such acts as are reasonable, advisable, expedient, convenient, proper, or necessary, in the discretion of the Authorized Officers, to effect any of the foregoing; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized, empowered, and directed, on behalf of and in the name of the Company, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, objections, responses, applications, and other papers and documents necessary or desirable in connection with the Chapter 11 cases of the Company; and

2

**FURTHER RESOLVED**, that the Company, as debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, is authorized to incur post-petition indebtedness under the DIP Credit Agreement and the form, terms and provisions of the DIP Credit Agreement and the other DIP Loan Documents (as defined in the DIP Credit Agreement) be, and they hereby are, approved, ratified and confirmed, and the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered, and directed to execute, deliver, and perform the DIP Credit Agreement and the other DIP Loan Documents, in the name and on behalf of the Company, with such changes therein and additions and amendments thereto and to any other documents related to or described in the DIP Credit Agreement and the other DIP Loan Documents as such Authorized Officer or Authorized Officers shall approve, such Authorized Officer's or Authorized Officers' delivery thereof to be conclusive evidence of such approval and approval of the Board; and

**FURTHER RESOLVED**, that the Company be, and it hereby is, authorized, empowered, and directed to perform its obligations under the DIP Credit Agreement and other DIP Loan Documents, including, without limitation, the granting of liens on all of its assets and obligations in respect of the joint and several liability of the Loan Parties, as applicable, thereunder (and any and all prior grants are hereby reaffirmed in all respects) and paying such fees or amounts as are required under the DIP Credit Agreement and any fee letter(s); and

**FURTHER RESOLVED**, that the Authorized Officers be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed to prepare, execute and deliver, in the name and on behalf of the Company, such documents, letters, certificates, and other written instruments as may be necessary or appropriate in connection with the Company's execution, delivery, and performance of the DIP Credit Agreement and the other DIP Loan Documents and any other documents related thereto or described therein, as applicable; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized and directed to retain the law firms of Morgan, Lewis & Bockius LLP ("Morgan Lewis") and Young Conaway Stargatt & Taylor, LLP ("Young Conaway") as bankruptcy counsel to render legal services to, and to represent, the Company in connection with the Chapter 11 cases and all other related matters in connection therewith, on such terms as the Authorized Officers, and such other officers as they shall from time to time designate shall approve; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized and directed to retain the firm of Epiq Bankruptcy Solutions, LLC ("Epiq") as notice and claims agent and administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 cases and all other related matters in connection therewith, on such terms as the Authorized Officers, and such other officers as they shall from time to time designate shall approve; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized and directed to retain Piper Jaffray Companies ("Piper Jaffray" and together with Morgan

Lewis, Young Conaway, and Epiq, the "Professionals") to render financial and restructuring advice and services to, and to represent, the Company in connection with the Chapter 11 cases and all other related matters in connection therewith, on such terms as the Authorized Officers, and such other officers as they shall from time to time designate shall approve; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized and directed to retain on behalf of the Company any additional counsel, accountants, and other advisors as the Authorized Officers, or any of them, may deem appropriate; and

**FURTHER RESOLVED**, that the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized and directed to take or cause to be taken any and all such further actions and to execute and deliver any and all such further instruments and documents and to pay all such expenses, costs, fees, or taxes, in each case, as in his or their judgment shall be necessary or desirable in order fully to carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any director or officer of the Company or any of the Professionals in connection with the DIP Credit Agreement, the other DIP Loan Documents, the reorganization or liquidation of the Company or any matter related thereto, or by virtue of these resolutions be, and they hereby are, in all respects ratified, confirmed and approved; and

**FURTHER RESOLVED**, the Authorized Officers, and such other officers as they shall from time to time designate, be, and each of them acting alone hereby is, authorized with full power of delegations, for and in the name and on behalf of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

**FURTHER RESOLVED**, that any and all actions of any officer or director of the Company taken prior to the date hereof to carry out the purposes of the foregoing resolutions be, and they hereby are, ratified, approved, and confirmed in all respects.

## General Resolutions

**FURTHER RESOLVED**, that the officers of the Company be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company, to make all such arrangements, to do and perform all such acts and things, and to execute and deliver all such officers' certificates and such other instruments and documents as they may deem appropriate in order to effectuate fully the purpose and intent of each and all of the foregoing resolutions, and that any and all actions taken heretofore and hereafter to accomplish such purposes and intents, all or singular, be, and they hereby are, approved, ratified, and confirmed.

********

4

## EXHIBIT D

### Officers

| Name | Office | Signature |
|------|--------|-----------|
| R. Gregory Keller | Manager | |
| Michael Dorsey | Treasurer and Assistant Secretary | |